R. M. Moore and G. B. Rogers *v.* David A. Powell.

1. The lien upon property, acquired by a levy of an execution, does not depend upon the continued possession, by the officer, of the property once legally seized; it may be lost, as in other cases of legal rights, or titles, by such acts, or conduct, on the part of those by whom it is held, as makes it iniquitous, or unjust, and actually, or, at least, in the nature of a fraud, to allow it to be enforced.

2. The surrender of a doubtful right is a good consideration; and a settlement made, on the faith of it, there being no fraud, will not be disturbed, especially when the parties can not be restored to their original situation.

Special Term.—It appears that Moore and Rogers purchased a leasehold estate, and certain fixtures, constituting a planing mill, of one Hamline. Powell at the time had judgments against Hamline. On these judgments executions had been issued, which were levied on the leasehold and fixtures. The officer, after the levy, appears to have kept actual possession of the premises for only a short time. He returned the executions "not sold for want of time." At the time of the purchase by Moore and Rogers, Hamline was in the possession of the premises; and Moore and Rogers appear to have had no knowledge of the judgments of Powell, or the proceedings to enforce them.

Subsequently, and after Moore and Rogers had sold the premises to third persons, a *venditioni exponas* is issued, and a sale advertised under the levy upon the executions on the judgments of Powell.

Under these circumstances, Powell claiming a lien and a right to satisfy his judgments by a sale of the property, and asserting that he had a good and valid lien, an agreement is made, by which he stays any further proceedings—assigns his judgments to Moore and Rogers, receiving in satisfaction, and as a settlement of the matter, their notes, at four, six, and nine months, for the amount of his judgments, with ten per cent. interest.

The present action is brought to set aside the settlement

on the ground of misrepresentation, mistake, and the inadequacy of the consideration agreed to be paid for the judgments assigned.

*W. B. Probasco, Ball & Skinner,* and *Smith & Lowe,* for plaintiffs.

*Fox & French,* for defendant.

GHOLSON, J. Where an officer has an execution against personal property, and after having made an effectual seizure, or levy, for any reason, ceases to retain the actual and continuous possession, what effect has this on the plaintiff's rights, or on the lien of the execution? I have been referred on this point to no direct adjudication by the Supreme Court of the State. It can scarcely be claimed that the continuance of the lien of an execution depends on the continuance of what would be considered an actual possession, looking to the nature and character of the property.

Upon principle it would appear that an officer, by the levy of an execution, acquired a right of property only to be lost by such acts as would take away like rights of property in other cases. This right of the officer, too, is essentially a legal right. He seizes the property under the authority of law. The law provides that, from the time of such seizure, the property shall be bound.

Now, as to legal rights in personal property, the rules of law are well settled. One of these is, that no man can confer upon another a greater right than he himself has. A purchaser must look to the title he acquires. If there be a better legal title or right to the property, as to that he buys at his peril. Whether he have notice of it or not, makes no difference.

The mere fact that a man has the actual possession of property, gives him no right to dispose of it so as to affect the legal rights or title of another person. It is a well-known principle that a purchaser in good faith, without notice, can

10

only be protected against equitable claims or interests. There are exceptions to this rule growing out of the peculiar nature of some species of property, as coin and negotiable securities. There are other exceptions growing out of the conduct of the party setting up a legal right or title. And if there be any such exception in the present case, it must, I think, be founded in the conduct of the defendant, or the officer holding his executions, and not on any inherent invalidity in the legal right. I do not think that it can be claimed, with any plausibility, that the legal right, or lien under an execution, depends on the continuing in the actual possession of the property once legally seized. All that can be properly claimed would be that this legal right, or lien, may be lost, as in other cases of legal rights or titles, by such acts or conduct on the part of those by whom it was held, as makes it iniquitous or unjust, and actually, or at least in the nature of a fraud, to allow it to be enforced. 4 Harrison, N. J. 166; 1 Spencer, 56, 60, *Brewster* v. *Vail.*

What acts or conduct on the part of a plaintiff in execution, or of the officer acting for him, will amount to a waiver or abandonment of the lien, or make its enforcement against a subsequent creditor or purchaser contrary to equity, would of course depend, in a great measure, on the nature and circumstances of the particular case.

In the manner in which the present case has been submitted, I am, in effect, called upon by the counsel for the plaintiffs, to decide whether the conduct of the defendant and the officer holding the executions on his judgments, operated as a waiver or abandonment of his legal right. The defendant claimed and asserted to the plaintiffs that he had a good lien on the property in which they were interested. This, the plaintiffs, by their agreement, admit. It is the very matter, I think, settled between the parties; and it was settled because it seriously affected the property in which the plaintiffs were interested, not because they desired to procure, by purchase, judgments against Hamline. The assignment of those judgments I consider a mere incident,

and not the matter really in the contemplation of the parties to the agreement.

Would it be right that I should now take up and decide this matter, so settled by the parties, as if it were an original question? Suppose I should think that the lien of the defendant had been lost at the time of the agreement; yet, if it presented even a fair and proper matter of dispute, it certainly can not be justly or properly opened, after it has been settled by the parties, and more especially, after the position of things has been so essentially changed that they can not be placed in the situation in which they were at the time of the settlement.

Then the officer had again taken the possession or control of the property. It was advertised for sale. The rights of third persons, not parties to the settlement, nor to this action, had intervened. The levy is discharged—proceedings are stayed. How is it possible, under such circumstances, to place the defendant, as to his legal rights, in the position he stood at the time of the settlement. The plaintiffs, by that settlement, have effectually quieted a claim on the property, the title to which they were bound to protect. They now ask to have the question decided, as if they had received no benefit from the agreement; and the defendant would be, in no respect, prejudiced by setting it aside. Who can say, if the settlement had not taken place, the defendant would not have made, by a sale of the property on which he claimed a lien, the amount of his judgment?

If these views be correct, they present a strong objection to any relief in a case where no intentional fraud is claimed. But, independently of this objection, I am, by no means satisfied that the plaintiffs were in a position, even at the time of the agreement, to complain of the conduct of the defendant in not enforcing earlier the lien of his executions. This part of the case, of course depends on the nature of the agreement between the plaintiffs and Hamline, their notice of the defendant's claim, and the subsequent transactions.

. There is another view of the case which operates on my mind to refuse the relief. I can not find, from the evidence, that the declarations of the defendant were so made, or were of that nature that the plaintiffs can claim that it was in the faith of their correctness, either in fact or in law, that the bargain was made. The claim of the defendant was not a matter new to the parties. It was known to the plaintiffs long before, that he claimed a lien on the property. That they had full time, and that it was their interest to examine into the matter, can not be doubted. If the lien, to say the least, once legally existed, the facts showing its abandonment or loss, if any such existed, were known as well to the plaintiffs as to the defendant.

On the whole, neither on the ground of mistake, mis-representation, or inadequacy of price, do I think the plaintiffs entitled to relief, and their petition must be dismissed, and a judgment entered for the defendant.